# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WARREN WANZO,

          Plaintiff,          2:08-cv-00186-RLH-PAL

vs.                                  **ORDER**

T. DEAN,                       (IFP - #1)

          Defendant.

      Plaintiff Warren Wanzo is proceeding in this action *pro se*. Wanzo has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint on February 13, 2008. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    *In Forma Pauperis* **Application**

      Wanzo has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Wanzo's complaint.

**II.**    **Screening the Complaint**

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
2 failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a
3 ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.
4 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all
5 material allegations in the complaint are accepted as true and are to be construed in the light most
6 favorable to the plaintiff.  Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro
7 se complaint are held to less stringent standards than formal pleading drafted by lawyers.  Haines v.
8 Kerner, 404 U.S. 519, 520 (1972) (per curiam).

9    The Complaint in this case arises out of a ticket Wanzo received for working as a "hand biller"
10 downtown.  Wanzo alleges that the individual who issued the ticket treated him unfairly compared to
11 other "hand billers," targeted Wanzo based on his race, insulted him in front of other people, and
12 prohibited him from working as a "hand biller" for a period of time.  It is unclear whether the individual
13 who issued the ticket is a private security guard or a municipal employee.  Wanzo claims the incident
14 caused him emotional distress and financial hardship.

15    Because Wanzo filed the Complaint on the court's Civil Rights Complaint form, the court will
16 construe it as an attempt to state a claim under 42 U.S.C. § 1983.  "To state a claim under § 1983, a
17 plaintiff must allege the violation of a right secured by the Constitution and laws of the United States,
18 and must show that the alleged deprivation was committed by a person acting under color of state law."
19 West v. Atkins, 487 U.S. 42  (1988) (citation omitted).  "The purpose of § 1983 is to deter state actors
20 from using the badge of their authority to deprive individuals of their federally guaranteed rights."
21 McDade, 223 F.3d at 1139 (emphasis added), citing, Wyatt v. Cole, 504 U.S. 158, 161 (1992).  A
22 defendant only acts under the color of state law if he exercises power possessed by virtue of state law
23 and made possible only because he "is clothed with the authority of state law."  Id. at 1139-40.

24    States and state officers sued in their official capacities are not "persons" for purposes of a
25 § 1983 action and may not be sued under the statute.  Will v. Mich. Dept. of State Police, 491 U.S. 58,
26 71 (1989).  On the other hand, § 1983 allows suits against state officers in their individual capacities for
27 acts they took in their official capacities.  Hafer v. Melo, 502 U.S. 21, 26 (1991).  Likewise, local
28 governments, such as municipalities, can be sued under § 1983, but only for "a policy statement,

ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 690-91 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, Monell, 436 U.S. at 690, or through a failure to train municipal employees adequately, City of Canton v. Harris, 489 U.S. 378, 388-91 (1989).

Wanzo has named the individual who cited him as the defendant in this action. However, it is unclear whether this person is a private security guard or a municipal employee. To succeed with an official-capacity claim against a municipal employee, Wanzo must prove that his constitutional rights were violated as a result of an official policy or custom of the City of Las Vegas or the failure of the City of Las Vegas to properly train Dean. The allegations in the Complaint do not support the conclusion that what happened resulted from such official action of the City of Las Vegas. Wanzo's claim also fails if the individual is a private security guard because § 1983 claims may only lie against state actors, municipalities, or municipal officers. The court therefore finds that Wanzo has not established a claim cognizable under § 1983. His complaint will be dismissed, with leave to amend.

## CONCLUSION

Pursuant to 28 U.S.C. § 1915(e)(2), Wanzo's complaint is dismissed for failure to state a claim upon which relief may be granted. The court will, however, grant him leave to file an amended complaint. If Wanzo chooses to amend the complaint, he must set forth the grounds upon which the court's jurisdiction depends. Fed. R.Civ. P. 8(a); LR 8-1. If he wishes to pursue a claim under § 1983, he must show that defendant acted under color of state law to deprive him of a federally protected right. In addition, Wanzo is informed that the court cannot refer to a prior pleading (his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once plaintiff files an amended complaint, the original complaint no longer serves any

/ / /

function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, and good cause appearing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in Forma Pauperis* (#1) is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in the dismissal of this case, without prejudice.

Dated this 20th day of March, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE