# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WARREN WANZO, | )<br>) |
| Plaintiff, | )    2:08-cv-00186-RLH-PAL<br>) |
| vs. | )    **REPORT OF FINDINGS AND**<br>)    **RECOMMENDATION** |
| T.DEAN, | )<br>) |
| Defendant. | ) |

       Plaintiff Warren Wanzo is proceeding in this action *pro se*. Plaintiff filed a Complaint (Dkt #1) on February 13, 2008. Because the court granted Plaintiff's request to proceed *in forma pauperis,* the court screened the pursuant to 28 U.S.C. § 1915(e). The undersigned found that Plaintiff's complaint failed to state a claim and allowed Plaintiff thirty days to file an amended complaint. Plaintiff filed an Amended Complaint on March 27, 2008. Therefore, the court will now screen the Amended Complaint pursuant to § 1915.

       Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all

material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The Amended Complaint in this case arises out of a ticket Wanzo received for working as a "hand biller" downtown. Wanzo alleges that he was issued the ticket by a "bailiff and an officer of the law," who also handcuffed Wanzo in public. Wanzo claims to have "known for a fact that bailiff was out of his jurisdiction." Wanzo seeks monetary damages for lost earnings and for emotional distress resulting from his "public embarrassment."

Because Wanzo filed the Amended Complaint on the court's Civil Rights Complaint form, the court will construe it as an attempt to state a claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42 (1988) (citation omitted). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." McDade, 223 F.3d at 1139 (emphasis added) (citing Wyatt v. Cole, 504 U.S. 158, 161 (1992)). A defendant only acts under the color of state law if he exercises power possessed by virtue of state law and made possible only because he "is clothed with the authority of state law." Id. at 1139-40.

States and state officers sued in their official capacities are not "persons" for purposes of a § 1983 action and may not be sued under the statute. Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). On the other hand, § 1983 allows suits against state officers in their individual capacities for acts they took in their official capacities. Hafer v. Melo, 502 U.S. 21, 26 (1991). Likewise, local governments, such as municipalities, can be sued under § 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 690-91 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove

that any constitutional violations occurred as a result of an official policy or custom, <u>Monell</u>, 436 U.S. at 690, or through a failure to train municipal employees adequately, <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-91 (1989).

    Wanzo has named the individual who ticketed and handcuffed him as the Defendant in this action, and he claims that Defendant Dean is a bailiff and officer of the law. Thus, it appears Wanzo is suing Defendant Dean in his individual capacity for acts done under color of state law. However, to state a cognizable claim under section 1983, Wanzo must also show that one of his constitutional rights was violated . The Amended Complaint merely alleges that Dean handcuffed Wanzo in public and issued him a ticket for handbilling. Wanzo alleges this conduct caused him public embarrassment and lost earnings, but he has not alleged any of his constitutional rights were violated by Dean. The court therefore finds that because of this failure, Wanzo has not stated a cognizable claim under § 1983.

    Based on the foregoing,

    **IT IS ORDERED** that the Clerk of the Court shall file the Amended Complaint.

    **IT IS RECOMMENDED** that the Amended Complaint **be DISMISSED** for failure to state a claim upon which relief can be granted

    Dated this 27th day of March, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." The parties are advised that failure to file objections within
2  the specified time may waive the right to appeal the District Court's Order. <u>Martinez v. Ylst</u>,
3  951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written
4  objections are subject to the page limitations found in LR 7-4.